**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HORACE B. CUMMINGS,

    Petitioner,

vs.                                                        Case No. 3:21-cv-711-TJC-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**I.    Status**

Petitioner, Horace B. Cummings, an inmate of the Florida penal system, initiated this case by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). Respondents filed a response asking that this case be dismissed because the Petition is second or successive and is otherwise untimely filed. See Doc. 30 (Resp.).[1] Petitioner, with help from counsel,[2] replied.

---

[1] Attached to the Response are various exhibits (Docs. 30-1 to 30-87). The Court refers to the exhibits as "Resp. Ex."

[2] On October 21, 2021, W. Charles Fletcher, Esquire, filed a Notice of Appearance on Petitioner's behalf. See Doc. 12. Counsel filed several requests to amend, but his requests were denied without prejudice as procedurally deficient. See Docs. 18, 20, 22. Although given time and several opportunities to do so, he never filed an amended petition. Instead, on July 6, 2022, he filed a Notice advising of his intent to proceed on the Petition as filed. See Doc. 28.

See Doc. 31. This case is ripe for review.[3]

## II. Procedural History[4]

On December 18, 1997, a jury found Petitioner guilty of one count of first degree murder (count one); one count of armed kidnapping (count two); four counts of armed robbery (counts four, five, six, and eight); two counts of attempted armed robbery (counts nine and ten); and one count of armed burglary, a lesser included offense (count eleven). Resp. Ex. 6. On January 16, 1998, the trial court sentenced Petitioner to a mandatory life term of incarceration for count one and a thirty-year term for each remaining count. Resp. Ex. 7. The trial court also ordered that the sentences imposed on counts two, four, five, six, eight, nine, ten, and eleven run concurrently with one another, but consecutively to the sentence imposed on count one. Id. The First District Court of Appeal per curiam affirmed Petitioner's judgment and

---

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

[4] The Court summarizes only the procedural history necessary for purposes of this Order.

2

sentences on September 2, 1999, and denied Petitioner's motion for rehearing on October 15, 1999. Resp. Exs. 19, 21.

On August 15, 2001, Petitioner, with help from counsel, filed with the trial court a Florida Rule of Criminal Procedure 3.850 motion. Resp. Ex. 25 at 1-32. The trial court summarily denied the Rule 3.850 motion on October 11, 2002, id. at 33-36; and the First DCA per curiam affirmed the denial without a written opinion, Resp. Ex. 26.

On October 6, 2003, Petitioner filed in this Court his first federal habeas petition challenging his January 16, 1998, judgment of conviction. Resp. Ex. 80; see also Cummings v. Crosby, No. 3:03-cv-860-J-25HTS (M.D. Fla). On February 4, 2004, the Court entered an Order dismissing Petitioner's first habeas petition with prejudice as untimely filed. Resp. Ex. 82. On June 4, 2004, the Eleventh Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability. See Cummings v. Sec'y, Dep't of Corr., No. 04-11383-D (11th Cir. June 4, 2004).

On February 27, 2012, Petitioner filed with the trial court a Florida Rule of Criminal Procedure 3.800(a) motion challenging his thirty-year sentences for counts nine and ten. Resp. Ex. 55 at 1-15. On July 20, 2012, the trial court denied the Rule 3.800(a) motion as untimely filed. Id. at 12-14. On January 30, 2013, the First DCA reversed the denial and remanded the issue to the trial court to determine whether Petitioner should be resentenced on the challenged

3

convictions, because attempted armed robbery is a second degree felony carrying a maximum sentence of fifteen years. Resp. Ex. 57; see also Cummings v. State, 106 So. 3d 33 (Fla. 1st DCA 2013).

On January 15, 2014, on remand, the trial court vacated its July 20, 2012, order; granted Petitioner's 3.800(a) motion; and ordered that Petitioner be resentenced on counts nine and ten.[5] Resp. Ex. 60 at 81-84. Before the resentencing hearing, the state filed a sentencing memorandum indicating that Petitioner's thirty-year sentence for count six was also illegal and stated Petitioner's sentences for counts six, nine, and ten should be reduced to fifteen-year terms.[6] Id. at 94.

On May 9, 2014, the trial court conducted a resentencing hearing, during which Petitioner appeared in person with appointed counsel. Resp. Ex. 60 at 227-43. During the hearing, Petitioner testified about mitigating factors related to both the circumstances of the crimes and his work with juvenile prisoners during the seventeen years Petitioner spent in prison following his convictions.

---

[5] The trial court found that Petitioner's sentences for counts nine and ten were illegal because the use of a firearm is an essential element of attempted armed robbery; and thus the counts should not have been reclassified from a second degree felony to a first degree felony. See Resp. Ex. 60 at 81-84.

[6] As to count six, the state explained that the trial court granted Petitioner's motion for judgment of acquittal as to the allegation that Petitioner took property during the robbery, and thus the verdict form submitted to the jury was for attempted armed robbery, a second degree felony with a maximum sentence exposure of fifteen years, not armed robbery as included on Petitioner's written judgment and sentence. Resp. Ex. 60 at 95.

Id. at 234-42. The trial court then sentenced Petitioner to a fifteen-year term of incarceration as to counts six, nine, and ten, and ordered that each new sentence run concurrent to Petitioner's life sentence and that all other sentences remain unchanged. Id. at 242-43. Petitioner's May 2014[7] written judgment and sentence designated Petitioner's new sentences as being entered nunc pro tunc to Petitioner's January 16, 1998, judgment.[8] Id. at 214. Petitioner appealed the new sentences and appellate counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that no good faith argument of reversible error could be made. Resp. Ex. 61. With the First DCA's permission, Petitioner filed a pro se initial brief arguing the trial court erred because he was not resentenced by the original sentencing judge; it improperly reclassified counts four, five, and eleven; it improperly ordered that counts two, four, five, eight, and eleven run consecutive to count one; it did not award Petitioner earned prison and jail credit; and it did not have a de novo resentencing hearing. Resp. Ex. 62. The First DCA per curiam affirmed Petitioner's May 2014 revised judgment and sentence without a written opinion on October 29, 2015. Resp. Ex. 63 at 2. And it denied Petitioner's motion for

---

[7] Petitioner's revised written judgment and sentence is dated May 13, 2014. Resp. Ex. 60 at 214.

[8] The revised written judgment and sentence also corrected several scrivener errors discussed at the resentencing hearing. Resp. Ex. 60 at 230-31.

rehearing on December 17, 2015. Id. at 3.

Thereafter, Petitioner began filing a series of postconviction motions with the state trial and appellate courts. He filed a Florida Rule of Criminal Procedure 3.800(c) motion on January 25, 2016, which the trial court denied on July 12, 2016.[9] Doc. 31-1 at 40-43, 45. Petitioner then filed a Florida Rule of Criminal Procedure 3.801 motion to correct jail credit on April 25, 2016, which the trial court denied in part and granted in part on December 29, 2016. See Resp. Ex. 68 at 1-2, 61-64. And he filed another Rule 3.850 motion on June 21, 2016, which the trial court dismissed with prejudice as untimely filed and as second or successive on November 22, 2017. Resp. Ex. 73 at 1-25, 46-50.

On February 2, 2018, Petitioner filed a second federal habeas petition with this Court along with a request to stay and hold in abeyance his petition while he appealed the trial court's denial of his Rule 3.801 and Rule 3.850 motions. Resp. Ex. 84; see also Cummings v. Sec'y, Dep't of Corr., No. 3:18-cv-207-BJD-JRK (M.D. Fla.). This Court denied the request to stay and dismissed the petition without prejudice.[10] Resp. Ex. 87.

---

[9] Respondents do not reference or include Petitioner's January 25, 2016, Rule 3.800(c) motion or the trial court's July 2016 denial order in their exhibits, but Petitioner provided a copy of those documents when he filed his Reply.

[10] The Court acknowledged Petitioner's pending state court postconviction appeals and reasoned that "in recognition of the nature of comity between the national and state sovereignties of our federal system, the Court should give the state courts an opportunity to rule on Petitioner's unexhausted claims." Resp. Ex. 87.

6

The First DCA per curiam affirmed the trial court's dismissal of Petitioner's successive Rule 3.850 motion on April 13, 2018. Resp. Ex. 74. And on September 18, 2019, the First DCA issued a written opinion affirming in part and reversing in part the trial court's April 25, 2016, order on Petitioner's Rule 3.801 motion and remanded for entry of modified jail credit on all sentences. Resp. Ex. 69. The trial court revised Petitioner's written judgment and sentence to reflect the corrected jail credit on March 24, 2021. Resp. Ex. 71. Petitioner filed the Petition here on July 15, 2021. Doc. 1.

### III. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016). AEDPA bars the filing of a second or successive habeas petition, absent approval from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). This standard was meant to be high because

> [t]he statutory bar against second or successive motions is one of the most important AEDPA safeguards for finality of judgment. . . . "The central purpose behind the AEDPA was to ensure greater finality of state and federal court judgments in criminal cases, and to that end its provisions greatly restrict the filing of second or successive petitions."

In re Hill, 715 F.3d 284, 290 (11th Cir. 2013) (quoting Gilbert v. United States, 640 F.3d 1293, 1311 (11th Cir. 2011)).

Here, Respondents argue the Petition should be dismissed because it is successive. Resp. at 20-23. This Court agrees. The Court previously adjudicated Petitioner's federal habeas claims challenging this judgment of conviction. See Resp. Ex. 82; see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."). Thus, this Court has no authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares, 755 F.3d at 1278 (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). A review of the Eleventh Circuit's docket does not show that

8

Petitioner has filed a request to file a second or successive habeas petition.

Petitioner argues that his Petition is not successive because his May 9, 2014, "resentencing was de novo and resulted in a new judgment and sentence." Doc. 31 at 9-23. But as Respondents correctly note, the Eleventh Circuit's Osbourne decision dictates the outcome here. See Resp. at 18-19 (citing Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1266 (11th Cir. 2020)). In Osbourne, the Eleventh Circuit held that the trial court's 2014 "amended sentence," which deleted a ten-year mandatory minimum on one count, "was not a 'new judgment' for purposes of § 2244" because it was imposed nunc pro tunc to the date of the original 2003 judgment, and thus the district court lacked jurisdiction over the petitioner's unauthorized second or successive habeas petition. 968 F.3d at 1263, 1266-67. The court emphasized that "not every action that alters a sentence necessarily constitutes a new judgment" and "the test for whether there is a new judgment . . . [is not] whether the prisoner's sentence 'has materially changed.'" Id. at 1265-66 (summarizing Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325-28 (11th Cir. 2017)). Cf. Thompson v. Fla. Dep't of Corr., 606 F. App'x 495, 505 (11th Cir. 2015) (summarizing the court's relevant precedents and holding the petitioner's resentencing resulted in a new judgment where the trial court held "a de novo resentencing hearing [and] expressly vacated" his original sentences). Instead, the court found the "determining factor" was the nunc pro tunc designation, which, under Florida

9

law "means 'now for then' and when a legal order or judgment is imposed <u>nunc pro tunc</u> it refers, not to a new or de novo decision, but to the judicial act previously taken." <u>Id.</u> at 1266 (internal quotation marks omitted) (distinguishing <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010); <u>Insignares</u>, 755 F.3d at 1273).

This Court has applied the <u>Osbourne</u> rule when determining whether a petition is second or successive following a resentencing hearing. See <u>Merritt v. Sec'y, Dep't of Corr.</u>, No. 8:20-cv-3109-SDM-AEP, 2024 WL 229421, at *3 (M.D. Fla. Jan. 22, 2024) (finding amended judgment applied <u>nunc pro tunc</u> to the original sentencing and thus the petition was second or successive); see also <u>Baldwin v. Sec'y, DOC</u>, No. 2:18-cv-320-JES-NPM, 2021 WL 2315004, at *4-5 (M.D. Fla. June 7, 2021) (finding that the petition was an unauthorized second or successive petition because the petitioner's confinement was authorized only under the original judgment that was already challenged, and the "corrected judgment" was entered <u>nunc pro tunc</u> to the original judgment).

This Court has also found that the <u>Osbourne</u> rule applies when conducting a timeliness analysis, even when a trial court substantively changes the petitioner's sentence upon resentencing. <u>See, e.g.</u>, <u>James v. Secy', Fla. Dep't of Corr.</u>, 499 F. Supp. 3d 1169, 1174 (M.D. Fla. 2020). For instance, in <u>James</u>, the court concluded that the petitioner's "corrected sentence[s] [did] not qualify as . . . new judgment[s] for purposes of § 2244" because they were imposed <u>nunc</u>

10

pro tunc. Id. at 1174 (citing Osbourne, 968 F.3d at 1266-67). In that case, the trial court resentenced the petitioner twice and ultimately reduced the petitioner's life sentence to a fifty-five-year term, in accordance with the purviews of Miller v. Alabama, 567 U.S. 460 (2012), and Falcon v. State, 162 So. 3d 954 (Fla. 2015). See James, 499 F. Supp. 3d at 1171-72. See also Richardson v. Sec'y, Fla. Dep't of Corr., No. 8:20-cv-489-TPB-CPT, 2023 WL 4419731, at * 1 (M.D. Fla. July 10, 2023) (finding the nunc pro tunc designation controlled even though the state court substantively amended the petitioner's sentence after holding a resentencing hearing, reducing his sentence from fifty-five years to forty); Heiser v. Secy', Fla. Dep't of Corr., No. 8:18-cv-1365-TPB-AEP, 2021 WL 4295270, at *1, 3-4 (M.D. Fla. Sept. 21, 2021) (concluding the trial court's amended sentence to include a three-year mandatory minimum term, entered nunc pro tunc, was not a new judgment that re-started the petitioner's limitation period under AEDPA). Likewise, the Southern and Northern Districts have reached the same conclusion. See Cuffy v. Dixon, No. 23-cv-61582-RAR, 2023 WL 6307794, at * 3 (S.D. Fla. Sept. 28, 2023) (finding that Osbourne controls even though the trial court held a resentencing hearing and reduced the petitioner's sentence from thirty years to twenty-five years because the judgment that authorized the petitioner's confinement was the original one by virtue of the nunc pro tunc designation); Kirk v. Dixon, No. 5:23-cv-105-TKW-HTC, 2023 WL 6976921, at *4 (N.D. Fla. Sept. 21, 2023) ("Since

11

Osbourne was decided, all three federal district courts in Florida . . . have relied on Osbourne, in finding amended judgments entered nunc pro tunc do not constitute new judgments restarting the AEDPA."), rep. & recommendation adopted by 2023 WL 697779, at *1 (N.D. Fla. Oct. 23, 2023).[11]

Petitioner argues that the trial court erroneously included a "nunc pro tunc" designation on the revised May 2014 written judgment and sentence, and this Court should disregard that scrivener's error. Doc. 31 at 18-23. But bound by Osbourne, the Court finds Petitioner's May 2014 revised judgment is not a new judgment under AEDPA, even if the nunc pro tunc designation arguably was incorrect under Florida law. See Osbourne, 968 F.3d at 1266 n.4 (noting that "the propriety of labeling a Florida judgment 'nunc pro tunc' is a matter of state law," and the state court should have an opportunity to decide whether the designation was made in error); see also Richardson, 2023 WL 4419731, at *1-2 (finding that "[e]ven though the amended judgment did not ministerially correct the earlier judgment and instead substantively amended the judgment, whether a judgment is properly entered nunc pro tunc raises an issue of state law).

---

[11] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Also, of import, the only "judgment that matters for purposes of Section 2244 is 'the judgment authorizing the prisoner's confinement.'" Patterson, 849 F.3d at 1325 (quoting Magwood, 561 U.S. at 332). See also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) (addressing what constitutes a judgment for purposes of § 2244(d)(1)(A) and explaining that "the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the [applicant] in confinement"). Under the revised 2014 judgment, Petitioner's thirty-year terms of imprisonment on counts six, nine, and ten were reduced to fifteen-year terms. But because Petitioner was originally sentenced in January 1998, he had served more than fifteen years toward all three of the new sentences when the 2014 revised judgment was entered. Thus, Petitioner had already completed the fifteen-year terms imposed for counts six, nine, and ten when the trial court entered the 2014 revised judgment and the only judgment that authorizes Petitioner's imprisonment both now and when the revised judgment was entered is the original judgment and life sentence entered in 1998.

Because this Court has already adjudicated Petitioner's claims challenging his 1998 judgment, this Court has no authority to consider the claims raised by Petitioner. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

13

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[12] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

---

[12] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:   Horace Cummings, #303027
     counsel of record

15